UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL MEYER,

    Plaintiff,

  v.

DR. DANIEL KNOEDLER,
SAMUEL WEBER,
and SCOTT JENSEMA,

    Defendant.

Case No. 20-cv-432-pp

---

## ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 6) AND DISMISSING CASE WITH PREJDUICE

---

On March 19, 2020, the plaintiff, who is representing himself, filed a civil rights complaint against three employees of Sheboygan County Health and Human Services. Dkt. No. 1. The complaint indicated that the plaintiff lived at "TCHCC" at W20410 State Road 121 in Whitehall, Wisconsin, id. at 1; the TCHCC is the Trempealeau County Health Care Center, see www.tchcc.com (last visited July 7, 2020). The plaintiff alleged that Dr. Knoelder prescribed "unnecessary and excessive medications" at "untherapeutic levels" any time the plaintiff expressed anxiety from PTSD. Id. at 2. He asserted that Samuel Weber denied him his right to choose his own provider for psychiatric treatment and Scott Jensema denied him passes to see his family. Id. at 3. The plaintiff accused all three of using his "CHP51" (presumably Wis. Stat. §51.20, the involuntary commitment statute) as a "weapon" against him and believes they

1

are denying him medical and dental care. Id. at 2-3. The plaintiff indicated that he wanted to be free from the defendants' clutches and from CHP51 custody, and that he wanted the defendants to have no further say in his treatment. Id. at 4. He also asked for damages—$3,500 in loans, $12,000 worth of books and $98,000 for mental anguish and emotional distress. Id.

Magistrate Judge Nancy Joseph screened the complaint and found that the plaintiff's claims were vague and conclusory. Dkt. No. 4 at 3. She noted that it was not a constitutional violation for a doctor to provide treatment with which a patient disagrees. Id. She observed that the plaintiff did not provide any examples of requests for medical or dental treatment denied by the defendants. Id. Judge Joseph gave the plaintiff thirty days to file an amended complaint to address these deficiencies and explained what kind of information he needed to provide. Id. at 4. Although the plaintiff subsequently filed his form indicating whether he consented to the magistrate judge deciding his case, dkt. no. 5, he did not file an amended complaint by the deadline Judge Joseph set (or at any other time). Judge Joseph issued a recommendation that this court dismiss the case with prejudice for failure to prosecute. Dkt. No. 6. Her order advised the plaintiff that he could object to that recommendation within fourteen days. Id. at 2. The plaintiff has not filed an objection.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must

2

decide only whether Judge Joseph's recommendation that the court dismiss the plaintiff's case for his failure to prosecute it is clearly erroneous. Because it has been three and a half months since Judge Joseph issued her order giving the plaintiff thirty days to amend the complaint and he has not done so (despite the fact that he *did* file his magistrate judge consent form during that time), it appears to the court that the plaintiff is not diligently pursuing his case. The court agrees with Judge Joseph that the case should be dismissed.

Federal Rule of Civil Procedure 41(b) says that if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it, and unless the dismissal order says otherwise, the dismissal "operates as an adjudication on the merits." Another way to describe an adjudication "on the merits" is to say that the case is dismissed "with prejudice." But the defendants did not move to dismiss the plaintiff's case, so Fed. R. Civ. P. 41(b) does not apply.

Civil Local Rule 41(c) says that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L.R. 41(a) [dismissal for failure to prove service] or (b) [dismissal for failure to answer or plead] does not apply, the Court may enter an order of dismissal with or without prejudice." Civ. L.R. 41(c) (E.D. Wis.). This local rule allows the judge to decide whether to dismiss the plaintiff's case permanently (with prejudice), or to dismiss it in such a way that he can bring the case again in the future (without prejudice). The Seventh Circuit has held that if a judge dismisses a

plaintiff's case to "induce [the] litigant[] to follow the court's deadlines," the judge should dismiss with prejudice. Schroeder v. Malone, Case No. 19-2105, 2020 WL 3042145, at *1 (7th Cir. June 8, 2020). Dismissal with prejudice is a "sanction," or a punishment, for failure to follow the court's order. See Lucien v. Breweur, 9 F.3d 26, 29 (7th Cir. 1993); Kennedy v. Huibregtse, 831 F.3d 441, 443 (7th Cir. 2016).

Judge Joseph recommended that the court dismiss the plaintiff's case "with prejudice." This recommendation was not clearly erroneous. The court's records show that the plaintiff filed has filed other cases in the Eastern District of Wisconsin. In October 2002, while at the Milwaukee County Jail, he filed a petition for a writ of *habeas corpus* alleging, among other things, that he was forced to take certain medications; Judge Griesbach summarily dismissed the petition. Meyer v. Clarke, Case No. 20-cv-1032 (E.D. Wis.) In October 2004, the plaintiff filed a §1983 complaint; at that time, he was at the Wisconsin Resource Center. Meyer v. Downing, Case No. 04-cv-1022, (E.D. Wis.). The plaintiff again claimed that a doctor diagnosed him and administered psychotropic medications in violation of the Eighth Amendment. Judge Charles N. Clevert, Jr. dismissed the complaint as frivolous but gave the plaintiff an opportunity to amend his complaint. Dkt. No. 4. That time, the plaintiff filed the amended complaint, id. at dkt. no. 5, but then asked to dismiss the case six days after Judge Clevert reopened the case, dkt. no. 8. Some fifteen years later, the plaintiff files this case, again asserting that a defendant gave him unnecessary and excessive medications and alleging that all defendants

4

somehow "used against him" the fact that he has been involuntarily committed. The plaintiff has established a pattern of alleging that doctors are forcing medication on him, without supporting those claims.

The court agrees with Judge Joseph that given this history, and the plaintiff's failure to follow Judge Joseph's order to amend the compliant, it is appropriate for the court to sanction the plaintiff by dismissing the case with prejudice.

The court **ADOPTS** Judge Joseph's recommendation to dismiss the case with prejudice. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for the plaintiff's failure to diligently prosecute it. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the plaintiff to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 8th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**